1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| LISA GRANT,          ) | |
|                  ) | |

LISA GRANT,                               )

              **Plaintiff,**        )

                      )        **Case No. EDCV 04-00551 AJW**

              **v.**                )

                      )

**JO ANNE B. BARNHART,**        )        **ORDER GRANTING PETITION**

**COMMISSIONER OF SOCIAL**   )        **FOR EAJA FEES**

**SECURITY ADMINISTRATION,**  )        **28 U.S.C. § 2412**

                      )

            **Defendant.**       )

                      )

       Before the court is plaintiff's petition for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) ("Fee Pet."). Plaintiff seeks EAJA fees for 39.50 hours of attorney's time at the rate of $157.04 per hour. [See Fee Pet. 4-5 & Ex. A]. Defendant filed an opposition to the motion ("Opposition"), and plaintiff filed a reply.

**Proceedings**

       Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits. On September 7, 2005, judgment was entered remanding the case for an award of benefits on the ground that plaintiff's impairment met a listed impairment.

1

**Discussion**

2  Under the EAJA, a prevailing party will be awarded reasonable attorneys' fees, unless the

3 government demonstrates that its position in the litigation was "substantially justified," or that

4 "special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A); see also Atkins v.

5 Apfel, 154 F.3d 986, 987 (9th Cir. 1998).  The  government has the burden of proving that its

6 position was substantially justified.  Sampson v. Chater, 103 F.3d 918, 921 (9th Cir. 1996).

7  Substantial justification means that the Commissioner's position must have a reasonable

8 basis in law and in fact.  Corbin v. Apfel, 149 F.3d 1051, 1053 (9th Cir. 1998).   The

9 government must show that its position is "justified in substance or in the main, or to a degree

10 that could satisfy a reasonable person."  Corbin, 149 F.3d at 1053 (quoting Pierce v.

11 Underwood, 487 U.S. 552, 565 (1988)).  The government's position must be substantially

12 justified at each stage in the proceedings.  Corbin, 149 F.3d at 1053 (citing Flores v. Shalala,

13 49 F.3d 562, 569-571 (9th Cir. 1995)).

14  Defendant does not contend that her position was substantially justified or that the

15 hourly rate sought by plaintiff's counsel, as adjusted for inflation, is improper.  Defendant

16 contends, however, that the number of hours claimed by plaintiff's counsel is excessive and

17 therefore unreasonable. [Opposition 3-7].

18  **The number of hours claimed**

19  Defendant contends that the 39.50 hours expended by plaintiff's counsel is excessive

20 under the circumstances, and that plaintiff's requested EAJA amount should be reduced for that

21 reason.  Defendant identifies specific entries on plaintiff's counsel's itemized statement of

22 services performed which she contends show an unreasonable expenditure of time for the tasks

23 involved. Defendant's primary argument is that because plaintiff's counsel represented plaintiff

24 at the administrative level as well as before this court, the number of hours that her counsel

25 spent in this action on such tasks as reviewing the record,"extracting evidence," and "designing

26 arguments" was duplicative and excessive.  Plaintiff's counsel counters that he has attested

27 under penalty of perjury to expending the hours claimed on the tasks described, and that his

28

representation of plaintiff at the administrative level in 2002 and 2003 did not relieve hin of

his obligations to his client in this case nor prevent him from having to revisit the evidence and

the issues in detail for purposes of litigating this action.

Although the expenditure of 39.50 hours is at the upper end of the range of hours

expended in routine social security fee decisions surveyed by this court, see Patterson v. Apfel,

99 F Supp. 2d 1212 (C.D. Cal. 2000), it is not outside that range.  The court has considered

defendant's specific contentions and the itemized entries she disputes. With one exception, the

court concludes that the time expended by plaintiff's counsel was not excessive or unreasonable.

Plaintiff's disabling impairment, a hereditary neurological disorder known as Friedreich's ataxia,

is not an impairment that is well-known or commonly litigated in social security cases (in

comparison with, for example, disorders of the spine).  Given the fact-specific nature of social

security cases, the time that plaintiff's counsel spent reviewing and analyzing the record and

drafting argument in this case was not redundant simply because he also represented plaintiff

at the administrative level two to three years earlier.  Plaintiff's portions of the Joint Stipulation

contain numerous, detailed citations to the medical evidence with comparisons to the ALJ's

characterization of the evidence.  Although the issue of whether plaintiff's condition met the

listing of impairments proved to be dispositive, that is a relatively rare occurrence, and therefore

counsel did not overreach in briefing other issues as well.  See Kyser v. Apfel, 81 F.Supp.2d

645, 647-648 (W.D. Va. 2000) (rejecting the argument that an experienced practitioner should

have expended only 20 hours for research and briefing instead of the 30.25 hours claimed, and

holding that the defendant should not be permitted "to hypothesize the appropriate length of

time for researching and drafting" where plaintiff's counsel had submitted a sworn declaration

in support of the hours claimed); Stewart v. Sullivan, 810 F.Supp. 1102, 1107 (D. Hawai'i

1993) ("Absent any evidence of obvious 'padding' of hours that would lead the court to doubt

the credibility of plaintiff's application, the court will not conduct a line by line evaluation of

the application."); Hardy v. Callahan, 1997 WL 470355, *8 (E.D. Tex. 1997) (holding that

there was no evidence of padding that would justify a reduction in the number of hours claimed

1  for preparation of plaintiff's brief, noting that thirty to forty hours total "appears to be an

2  appropriate average" for uncomplicated social security cases)(collecting cases).

3      There is, however, one entry on plaintiff's counsel's itemized statement that is not

4  adequately explained, and that is the entry dated December 4, 2005 for three hours to "utilize

5  findings in the ALJ decision to support meeting the listings.  Extract from clinical findings." [Fee

6  Pet., Ex. A].  That entry post-dates both issuance of the judgment remanding this case for an

7  award of benefits and plaintiff's counsel's preparation of the EAJA fee petition, and in that

8  context it is not a reasonable expenditure of time. Although defendant challenged this entry,

9  petitioner did not specifically address it.  Moreover, petitioner represented to the court that

10  Exhibit "A" "was prepared personally by the undersigned," and that the information in Exhibit

11  "A" "is known personally to the undersigned to be true and correct." [Fee Pet. 1].  Therefore,

12  the court assumes that the entry is accurate and concludes that no EAJA fees are recoverable

13  for those three hours.

14      Petitioner's request in his reply to increase the EAJA fee award to reflect an additional

15  1.75 hours for time spent preparing the reply is denied.  The amount of time claimed for the

16  reply is more than double that expended by petitioner preparing the petition for attorneys' fees

17  itself and is not reasonable in the circumstances.

### Conclusion

18

19      For the reasons discussed above, plaintiff's petition for EAJA fees is **granted** in the total

20  amount of five thousand, seven hundred thirty-one dollars and ninety-six cents ($5,731.96),

21  representing fees for 36.5 hours of attorney's time at the adjusted statutory rate of $157.04 per

22  hour.

23  **IT IS SO ORDERED.**

24

25  DATED: January 24, 2006

26                          _____/s/_____
                            ANDREW J. WISTRICH
27                          United States Magistrate Judge

28